UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,           Case No. 1:24-cv-70
    Plaintiff,                                            Black, J.
                                                                     Litkovitz, M.J.

vs.

EMMANUEL B. ANTWI, *et al.*,                 **ORDER**
    Defendants.

This matter is before the Court the motion to set aside default filed by defendants Emmanuel B Antwi; Manny Travel Agency & Business Services Inc.; and Manny Financial, Insurance & Accounting Firm, LLC. (Doc. 17). Defendants represent that plaintiff does not object to the granting of this motion, and plaintiff did not respond to the motion.

**I.**      **Background**

Plaintiff filed this action to secure:

> (1) an injunction barring Emmanuel B. Antwi, Manny Travel Agency & Business Services Inc., and Manny Financial, Insurance & Accounting Firm, LLC, (collectively referred to as "Antwi and his businesses") from engaging in the business of preparing federal tax returns, owning, managing, or controlling any business engaged in tax return preparation, and employing any person acting as a federal tax return preparer; and (2) an order requiring Antwi and his businesses to disgorge ill-gotten gains derived from the preparation of false federal returns.

(Doc. 8 (application for entry of a default) at PAGEID 68-69). Plaintiff served defendants Emmanuel B. Antwi and Manny Financial, Insurance & Accounting Firm, LLC (*see* Docs. 5, 6), and neither answered the complaint within the timeframe allotted under the Federal Rules of Civil Procedure. Plaintiff therefore sought and secured the Clerk's entry of default against these two defendants. (*See* Docs. 8, 9).

A week after it was due, defendants filed a pro se answer to the complaint (Doc. 10) and secured counsel several weeks later (*see* Doc. 15). Defendants' counsel explains that they have

meritorious defenses to the allegations in the complaint.[1] Defendants seek an order setting aside the entry of default and granting them 30 days to file an amended answer.

II. **Motion to set aside default**

Pursuant to Rule 55(a), if a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The court examines three factors to determine whether good cause exists for setting aside an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). These are: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Id*. (citing *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir. 1983)). Any doubt should be resolved in favor of the motion to set aside the entry of default "so that cases may be decided on their merits." *United Coin Meter,* 705 F.2d at 846 (internal quotation marks omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). As to the second prong, the relevant inquiry focuses on the future prejudice that will result from setting aside the entry of default, not prejudice that has already resulted from the defendant's conduct. *Id.* at 842 (citing *Berthelsen v. Kane,* 907 F.2d 617, 620-21 (6th Cir. 1990)). Delay, in and of itself, is not a

---

[1] The parties have since entered into a "Stipulated Order and Judgment of Permanent Injunction" (Doc. 23), but this does not resolve plaintiff's disgorgement claim. (*See id.* at PAGEID 161, ¶ 3).

sufficient basis for establishing prejudice. *Id.* at 842 (citing *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *INVST Fin. Group,* 815 F.2d at 398 (internal quotation marks omitted)). Nor do increased litigation costs generally support an entry of default. *Id*. (citing *United States v. $22,050 Currency,* 595 F.3d 318, 325 (6th Cir. 2010)). Finally, a defense is "meritorious" so as to satisfy the third element if the defense is "good at law." *Id*. at 843 (quoting *$22,050,* 595 F.3d at 326). The test is not whether a defense is likely to succeed on the merits; rather, the test is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *$22,050,* 595 F.3d at 326).

The first factor weighs in favor of setting aside the default, because defendants' conduct does not "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc.,* 796 F.2d at 194). Defendants filed a pro se answer only two days after the entry of default and then secured counsel, who shortly thereafter moved to set aside the default. *See id.* at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194) (fact that the defendant filed motion to set aside entry of default judgment within "a reasonable time" after the district court entered its order weighed against the district court's finding that the defendant was "intentionally disrespectful of the court proceedings."). The second factor likewise weighs in favor of setting aside the entry of default. Plaintiff does not oppose the relief sought, and there is no apparent prejudice to plaintiff—the parties have already resolved most claims. (*See* Doc.

3

23). For that reason, the third factor does not clearly weigh in plaintiff's favor. Overall, however, the Court's consideration of the *United Coin Meter* factors supports setting aside the entry of default in this case.

### III. Conclusion

It is therefore **ORDERED** that defendants' motion to set aside entry of default (Doc. 17) is **GRANTED**. The Clerk is **DIRECTED** to vacate the entry of default (Doc. 9). It is further **ORDERED** that defendants shall have **30 days** from the entry of this order to file an amended answer.

Date: 9/10/2024

Karen L. Litkovitz
Chief United States Magistrate Judge